IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-80177-TJM |
| | ) | |
| RICH LEARNING SYSTEMS, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on June 28, 2010, regarding Filing #83, Motion for Relief from Stay, filed by Sylvan Learning, Inc.; Filing #89, Objection, filed by Mutual First Federal Credit Union; and #90, Resistance, filed by Rich Learning Systems, Inc. David Hicks appeared for the debtor, Michael Whaley appeared for Sylvan Learning, Inc., and David Skalka appeared for Mutual First Federal Credit Union.

The debtor owns and operates two franchises of Sylvan Learning Centers in Omaha and Bellevue, Nebraska. Sylvan Learning, Inc., is the nationwide entity that licenses or franchises local businesses such as the debtor. The movant provides training, materials, advertising, and other services to the licensee. Pursuant to the license agreement, the licensee is to provide certain monthly reports to the movant and pay royalty payments based upon gross monthly income and certain advertising costs.

Although the debtor apparently disputes the amounts of its delinquent accounts for royalties and advertising, it does acknowledge that, pre-petition and post-petition, it is delinquent under the terms of its agreement with the movant.

The debtor negotiated a cash collateral agreement with its pre-petition lender. That agreement provides a budget permitting the debtor to make regular monthly payments consistent with the obligations outlined in the agreement between the parties.

Prior to obtaining the cash collateral agreement, the debtor was not making any post-petition payments to the movant and the movant filed a motion for relief from stay (Fil. #31), and a motion for an order requiring the debtor to assume or reject executory contracts (Fil. #23).

Following the hearing, the court ordered the debtor to assume or reject any or all of the franchise agreements by July 22, 2010. In addition, the court denied the motion for relief from the automatic stay, but directed the debtor to begin making regular payments.

The movant has returned to this court with this motion for relief because its officials believe the debtor is not in compliance with the order directing the payments and directing the filing of reports. Movant acknowledges that the reports have now all been filed, but suggests that since they were filed late, such filings are not in compliance with the order of the court. In addition, although the order directing payments was entered on May 4, 2010, the debtor did not make a payment until the middle of June, after this motion for relief was filed. It is the position of the movant that the order of May 4, 2010, required a payment in May based upon the financial results of the month of April.

Cause for relief has not been shown and the motion is denied. The debtor has been ordered to assume or reject the agreements by July 22, 2010. That is two weeks from now. The debtor has

made a payment in June and has brought the reports current. However, the order of May 4, 2010 (Fil. #72), made it very clear in the last paragraph that the debtor was to at least make the payment provided for in the cash collateral agreement, "beginning in May for the April reporting period." The debtor did not do so. Based upon that default, the movant filed this motion.

It was made clear at the hearing on this motion that there are funds available for the debtor to make the payment required in May. Those funds are either cash collateral which the lender permits the debtor to use, or are part of a DIP agreement that the debtor and the lender are negotiating. If there is some dispute over the actual amount due in May, the parties should get that resolved as soon as possible and the debtor should pay it before the assumption/rejection date of July 22, 2010.

It is clear that the debtor did not comply 100% with the order of May 4, 2010. However, it has substantially complied and now must fully comply prior to July 22, 2010, or the court will deem the executory contracts rejected and will grant relief from the automatic stay to permit the movant to exercise its state law remedies with regard to termination of the agreements.

IT IS ORDERED: Sylvan Learning, Inc.'s motion for relief from stay (Fil. #82) is denied. The debtor shall make the payment required in May before the assumption/rejection date of July 22, 2010.

DATED:    July 7, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    David Hicks
    *Michael Whaley
    David Skalka
    United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.